# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **B.C. and H.C.**

**No. 19-1138** (Jackson County 18-JA-55 and 18-JA-56)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father H.S., by counsel Roger L. Lambert, appeals the Circuit Court of Jackson County's September 18, 2019, order terminating his parental rights to B.C. and H.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, D. Kyle Moore, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in denying his motion to continue the final dispositional hearing and in failing to fully consider the length of his incarceration in regard to termination of his parental rights. Additionally, petitioner asserts that he was provided ineffective assistance of counsel throughout the proceedings.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2018, the DHHR amended a child abuse and neglect petition previously filed against the mother in June of 2018 to include allegations that petitioner was the father of her children and that he failed to provide them with financial or emotional support due to his incarceration in Wisconsin. In February of 2019, the circuit court adjudicated petitioner as an abusing parent based on clear and convincing evidence that he failed to support the children as alleged in the petition.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner was appointed new counsel for the purposes of appeal.

1

The circuit court held the final dispositional hearing in May of 2019. Petitioner did not appear in person, but was represented by counsel. Counsel moved to continue the dispositional hearing so that petitioner's final disposition could be made concurrently with the mother's, which had been continued from that date. Respondents objected, and the circuit court denied petitioner's motion. Following the presentation of evidence, the circuit court found that petitioner was convicted of violent crimes in the State of Wisconsin, specifically the felony crimes of "[s]ubstantial [b]attery-[i]ntended [b]odily [h]arm" and "[s]talking" and the misdemeanor crime of "[b]attery related to [d]omestic [a]buse." Further, the court found that petitioner's felony sentence had a "[m]andatory [r]elease/[e]xtended [s]upervision [d]ate" in February of 2020 and a maximum discharge date in February of 2022. Due to petitioner's incarceration, he could not participate in services or the formulation of a family case plan. Accordingly, the circuit court found there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the children. The circuit court memorialized its decision by its September 18, 2019, order. Petitioner now appeals that order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court abused its discretion in denying his motion to continue his dispositional hearing because the mother's parental rights remained intact for the foreseeable future and the children's permanency would not be delayed as long as she retained her parental rights. Further, petitioner asserts that the circuit court did not adequately consider the length of petitioner's sentence when ruling on the motion to continue. Although petitioner acknowledges that February of 2022 was his "maximum" sentence term, he asserts that his release in February of 2020 was "highly probable." We find no merit to petitioner's argument.

---

[3]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

In the context of abuse and neglect proceedings, "abuse [of discretion] can be found in the denial of a continuance only when it can be seen as an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.]" *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 236, 470 S.E.2d 177, 190 (1996) (internal quotation omitted) (citation omitted). The issue "must be decided in light of the circumstances presented, focusing upon the reasons for the continuance offered to the circuit court when the request was denied." *Id*. Here, petitioner's argument that the proceeding should have been continued so that he would reach disposition simultaneously with the mother is unpersuasive. These parents' parental rights are absolutely untethered from one another. We have held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of [another] parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). At petitioner's dispositional hearing, the mother still had an opportunity to retain her parental rights and custody of the children, but that has no bearing on the disposition of petitioner's parental rights.

Moreover, we are also unpersuaded that the circuit court did not properly consider the length of petitioner's sentence. Although petitioner asserts that his release in February of 2020 was "highly probable," his motion to continue until that time would have required that two children under the age of two years wait nine months on mere speculation that reunification might occur sometime after that. We have held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. The circuit court was not required to speculate on the date of petitioner's release from prison, and we find no error in its decision to deny petitioner's motion to continue. The circuit court's findings, that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the welfare of the children, are supported by the record, and petitioner makes no argument undermining those findings on appeal. Pursuant to West Virginia Code § 49-4-604(b)(6) (2019),[4] circuit courts may terminate parental rights upon these findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

---

[4]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

Finally, we note that petitioner argues that he was provided ineffective assistance of counsel throughout the proceeding. However, this Court has never recognized a claim of ineffective assistance of counsel in an abuse and neglect proceeding, and we decline to do so here.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 18, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison